## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON

**CARL C. FOSTER,**

        **Plaintiff,**

**v.**                                 **Case No. 2:14-cv-24232**

**JUDGE ANN CHARNOCK,**
**JUDGE KAUFMAN, JUDGE BAILEY,**
**JUDGE WEBSTER, JUDGE STUCKY,**
**JUDGE BLOOM, JUDGE ZAKAIB,**
**JUDGE KING, DR. CLINTON MILLS,**
**DR. ADRIAN NAHLA, DINA MOLER,**
**CAMC, ATTORNEY ALEX OF THE CALWELL GROUP,**
**ATTORNEY PAUL STROEBEL,**
**RICHARD MINGUS, Human Rights Commission,**
**MR. DUIGUID, Human Rights Commission,**
**HUMAN RIGHTS COMMISSION,**
**BILLY, HOLLIS LEWIS, and CINDY MOSS,**
**Martin Luther King Community Center,**
**CHIEF OF POLICE, OFFICER YOUNG,**
**OFFICER HOLSTEIN,**
**TAMMY JONES, Charleston Housing**
**ROB COLES, Charleston Housing**
**CHARLESTON HOUSING, KRT,**
**CITY OF CHARLESTON,**
**THE STATE OF WEST VIRGINIA and**
**GOVERNOR EARL RAY TOMBLIN,**

        **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On August 1, 2014, the plaintiff, Carl C. Foster, filed a Complaint (ECF No. 2) and

an Application to Proceed *in forma pauperis* (ECF No. 2).  This matter is assigned to the

Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to

the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

This is one of six Complaints filed by the plaintiff in this federal court since August of 2014.  This Complaint is very convoluted and alleges various federal and state law claims, which do not arise out of the same conduct, transaction or occurrence, against numerous unrelated defendants.

Service of process has not yet been ordered or attempted on any of the defendants, and this case is pending before the undersigned for initial screening under 28 U.S.C. § 1915(e)(2)(B), as the plaintiff is proceeding *in forma pauperis*.[1] Nevertheless, on August 14, 2014, the Calwell Practice, L.C. (responding on behalf of the defendant named in the Complaint as "Attorney Alex of the Calwell Group"), by counsel, Ancil G. Ramey and Steptoe & Johnson PLLC, filed a Motion to Dismiss Complaint for Failure to State a Claim and as Frivolous (ECF No. 4) and a Memorandum of Law in support thereof (ECF No. 5).  That motion is the sole subject of this Proposed Findings and Recommendation ("PF&R").  The sufficiency of the plaintiff's claims against the remaining defendants will be separately addressed upon the conclusion of the undersigned's initial screening of the Complaint under 28 U.S.C. § 1915(e)(2)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff is proceeding *in forma pauperis*.  On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim

---

[1]   The plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) has been granted by separate Order.

upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
> * * *
>         In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.

> While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

The Motion to Dismiss filed by the Calwell Practice, L.C. (on behalf of defendant "Attorney Alex of the Calwell Group") asserts that the plaintiff's claim against this defendant is frivolous and fails to state a claim upon which relief can be granted.

Because the plaintiff is proceeding *pro se*, the court is obliged to construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Nevertheless, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Rule 8(a) of the Federal Rules of Civil Procedure governs the requirements for stating a proper claim for relief:

> A pleading which sets forth a claim for relief . . . shall contain <u>1) a short and plain statement of the grounds upon which the court's jurisdiction depends</u>, unless the court already has jurisdiction and the claim needs no new grounds for jurisdiction to support it, 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a) (Emphasis added). A district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000)(permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

## ANALYSIS

The plaintiff's "Complaint" does not state a jurisdictional basis.  From a review of the "Complaint" documents, it appears that the plaintiff's claim against the Calwell Practice, L.C., a West Virginia law firm, and/or its employee, Attorney Alex, is exclusively related to the alleged provision of "harmful legal advice" and the decision of the Calwell Practice, L.C., and Attorney Alex on their behalf, to decline to represent the plaintiff in several matters.  In his Complaint documents, the plaintiff has included two "Complaints" that he previously filed against the Calwell Practice, L.C. in the Circuit Court of Kanawha County, West Virginia.  These documents contain the only references to the Calwell Practice, L.C. or Attorney Alex anywhere in the plaintiff's documentation. (ECF No. 2).

The first "Complaint" states as follows [spelling and capitalization corrected]:

I went to the law offices of the Calwell Practice to seek an attorney for a suit against the City of Charleston and the Charleston Police Dept.  I was told by Alex the attorney that I spoke with that was not smart and it was dangerous.  He, however, referred me to another attorney.  Upon looking around the offices, I noticed that his practice was involved in a class action suit against the company that was responsible for the chemical leak by way of the pamphlets they had on display throughout the office.  I invited Alex and the practice he works for to take samples of the water in my neighborhood and my personal residence; simply because my neighborhood was hit hardest by the crisis; he declined review on no mentioned grounds.  I am suing that practice for excluding me and my neighborhood from a class action suit in which we were affected most by the accident and harmful legal advice in the amount of $100,000.

(ECF No. 2 at 9) (Compl., *Foster v. The Calwell Practice*, Case No. 14-C-1323, Cir. Ct. Kan. Co., filed on Jul. 22, 2014).  The second "Complaint" document states [spelling and capitalization corrected]:

I am suing the Calwell Practice in the amount of $150,000 for harmful legal advice and breach of client attorney privilege.  I went to the Calwell Practice in search of an attorney for harassment and extralegal activity by

5

the police dept.  I spoke with an attorney named Alex.  He immediately informed me that a suit against the police was not smart and dangerous.  He referred me to another attorney.  I believe that Alex informed local police of my intention to sue because the very next day local police made "indirect" contact with me and gave me the impression that I was in for something violent against me.  They looked at me very harshly and intimidated me since I have had several "indirect" run-ins with the police who were intimidating me with looks of violence and anger.  The police officers are harassing and belligerent.

(*Id.* at 10) (Compl., Compl., *Foster v. The Calwell Practice*, Case No. 14-C-1322, Cir. Ct. Kan. Co., filed on Jul. 22, 2014).

The Memorandum of Law in support of the Motion to Dismiss filed by the Calwell Practice, L.C. (and Attorney Alex) asserts that the "Plaintiff has sued Defendant for refusing to represent Plaintiff."  (ECF No. 5 at 2, ¶ 1).  The Memorandum then sets forth the standard under West Virginia law for stating a successful claim against an attorney for negligence or "legal malpractice."  The Memorandum states that, in order to recover damages, the plaintiff must show:   (1) **the attorney's employment**; (2) his/her neglect of a reasonable duty; (3) that such negligence resulted in and was the proximate cause of loss to the plaintiff.  Syl. Pt. 1, *Calvert v. Scharf*, 619 S.E.2d 197 (W. Va. 2005).  (ECF No. 5 at 2, ¶ 2) (Emphasis added by defendant).

The defendant's Memorandum of Law further asserts that, there was no attorney/client relationship between the plaintiff and defendant because the Calwell Practice, L.C. and Attorney Alex declined representation of the plaintiff.  (*Id.*)  Thus, the defendant's Memorandum of Law further asserts that, because there was no attorney/client relationship, there can be no cause of action for legal malpractice, as there was no duty owed to the plaintiff that could have been breached.  (*Id.*, ¶¶ 3, 4).  The defendant further asserts that the communications made by a prospective client prior to the formation of the attorney/client relationship are not privileged and, thus,

6

there is no basis for a plausible claim against the defendant for allegedly sharing communications by the plaintiff.  (*Id.* at 3, ¶ 5).

The defendant's Memorandum of Law further asserts that the other allegations in the plaintiff's Complaint that could be construed to include this defendant are patently frivolous and have no legal relationship to the plaintiff's claims, including the plaintiff's allegation that he has "communicated vicariously with God, other of his creatures and the ancients."  (*Id.* at 3, ¶ 7).  Thus, the Memorandum of Law asserts that the plaintiff's claim against the Calwell Practice, L.C. and/or Attorney Alex should be dismissed for failure to state a claim upon which relief can be granted and as being frivolous.  (*Id.* at 4).

On August 28, 2014, the plaintiff filed a "Reply in Opposition" to the defendant's Motion to Dismiss (hereinafter "the plaintiff's Response"). (ECF No. 6).  The plaintiff's Response simply states:  "I want to continue with this case.  I see nothing frivolous, and have stated several claims."  (*Id.*)

On August 29, 2014, the defendant filed a Reply (ECF No. 7), which asserts that the plaintiff has not rebutted or even specifically addressed the arguments made in the defendant's Motion to Dismiss.  (*Id.*)

The allegations in the plaintiff's Complaint do not appear to state a plausible claim of attorney negligence or legal malpractice under West Virginia law.  However, before this court may even address the merits of such a claim, the court must first determine whether it has subject matter jurisdiction to consider the plaintiff's claim.

The plaintiff has not alleged a claim against the Calwell Practice, L.C. or Attorney Alex that would entitle him to relief under the United States Constitution or any federal

statute.  Thus, the plaintiff has not stated a federal question, as required for this court to have subject matter jurisdiction under 28 U.S.C. § 1331.

A federal district court also has jurisdiction over controversies in which the parties are citizens of different states and where the amount in controversy exceeds $75,000.  This basis for subject matter jurisdiction is known as "diversity of citizenship." The plaintiff cannot meet the requirements for diversity of citizenship jurisdiction, as he and the Calwell Practice, L.C., and Attorney Alex appear to be citizens of the State of West Virginia.  28 U.S.C. § 1332.  Therefore, this court cannot review his state law claim of attorney negligence/legal malpractice.

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that this United States District Court lacks subject matter jurisdiction over the plaintiff's claim against the Calwell Practice, LC. and Attorney Alex. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's claim against this defendant for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, and **DENY AS MOOT** this defendant's Motion to Dismiss (ECF No. 4).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such

8

objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff, and to transmit a copy to counsel of record.

February 23, 2015

Dwane L. Tinsley
United States Magistrate Judge

9